UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SUKHDEEP SINGH,

       Movant,

                                          File No. 1:08-CV-318

v.

                                          HON. ROBERT HOLMES BELL

UNITED STATES OF AMERICA,

       Respondent.

_____/

## O P I N I O N

     This matter comes before the Court on Movant Sukhdeep Singh's motion under 28

U.S.C. § 2255 to vacate, set aside, or correct the sentence imposed upon him by this Court.

### I.

     On April 11, 2007, Movant waived indictment and entered a plea of guilty to one

count of wire fraud in violation of 18 U.S.C. § 1343 and one count of forfeiture pursuant to

18 U.S.C. § 981. *United States v. Singh*, No. 1:07-CR-55 (W.D. Mich.)  Movant was

sentenced to fifteen months in prison, followed by three years of supervised release, and was

ordered to pay restitution in the amount of $268,661.36. *Id.* (Dkt. No. 29, J.)  Movant did

not appeal his conviction.

### II.

     A prisoner who moves to vacate his sentence under § 2255 must show that the

sentence was imposed in violation of the Constitution or laws of the United States, that the

court was without jurisdiction to impose such sentence, that the sentence was in excess of the maximum authorized by law, or that it is otherwise subject to collateral attack. 28 U.S.C. § 2255. To prevail on a § 2255 motion "a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)). Non-constitutional errors are generally outside the scope of § 2255 relief. *United States v. Cofield*, 233 F.3d 405, 407 (6th Cir. 2000). A petitioner can prevail on a § 2255 motion alleging non-constitutional error only by establishing a "fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (quoting *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (internal quotations omitted)).

As a general rule, claims not raised on direct appeal are procedurally defaulted and may not be raised on collateral review unless the petitioner shows either 1) "cause" and "actual prejudice" or 2) "actual innocence." *Massaro v. United States*, 538 U.S. 500, 504 (2003); *Bousley v. United States*, 523 U.S. 614, 621-22 (1998); *United States v. Frady*, 456 U.S. 152, 167-68 (1982). An ineffective assistance of counsel claim, however, is not subject to the procedural default rule. *Massaro*, 538 U.S. at 504. An ineffective assistance of counsel claim may be raised in a collateral proceeding under § 2255, whether or not the

2

petitioner could have raised the claim on direct appeal.  *Id.*

The habeas statute provides for an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ." 28 U.S.C. § 2255(b).  No evidentiary hearing is required if the petitioner's allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact."  *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007) (quoting *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)).

### III.

Movant raises five claims of ineffective assistance of counsel.  To prevail on a claim of ineffective assistance of counsel, Movant must establish two elements: "(1) counsel's performance fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for the deficiency, the outcome of the proceedings would have been different."  *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003) (citing *Strickland v. Washington*, 466 U.S. 668, 694 (1984)).  For purposes of the first element, "[t]he objective standard of reasonableness is a highly deferential one and includes a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Mason v. Mitchell*, 320 F.3d 604, 616-17 (6th Cir. 2003) (quotation marks omitted). For purposes of the second element, a "reasonable probability" has been defined by the Supreme Court as "a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

3

**Failure to File Appeal**

Movant's first two ineffective assistance of counsel claims  address counsel's failure to file an appeal.  Movant contends that counsel was ineffective and violated Rule 101 of the Sixth Circuit Supplemental Procedural Rules by failing to timely file a notice of appeal after Movant instructed him to do so.

A defendant's claim that defense counsel ignored the defendant's express request to appeal his sentence, if true, would amount to "'a *per se* violation of the Sixth Amendment.'" *Wright v. United States*, No. 06-4519, 2009 WL 938702 at *4 (6th Cir. Apr. 8, 2009) (quoting *Ludwig v. United States*, 162 F.3d 456, 459 (6th Cir.1998)).  The record, however, does not support Movant's assertion of a *per se* violation.

Movant's assertion that he made an express request to counsel to file an appeal is contradicted by counsel's statement that Movant never requested counsel file an appeal. (Dkt. No. 8, Levine Aff. pp. 3, 6.)  More importantly, Movant's assertion is belied by evidence produced by Movant himself.  Movant acknowledges that he received a letter from counsel dated September 12, 2007, the same day the Court issued the judgment of sentence, enclosing a copy of the judgment together with documents pertaining to his right to appeal, and advising Movant that in the event he desired to appeal his conviction and/or sentence, he must do so within ten days from the entry of the judgment.  Movant does not assert that he contacted counsel within the ten day period to request that counsel file an appeal on his

behalf.  The Court finds that Movant's contention that counsel failed to follow Movant's express instructions to file an appeal on his behalf cannot be accepted as true because it is contradicted by this contemporaneous communication from counsel and by Movant's silence upon receipt of it.

In response to counsel's affidavit, Movant has come forward with an alternative argument that counsel was ineffective for failing to consult with him about his appellate rights.  (Dkt. No. 10.)

The failure of a defense counsel to consult with a defendant about an appeal "amounts to constitutionally deficient performance under the first prong of *Strickland* only when 'there is reason to think either (1) that a rational defendant would want to appeal . . ., or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing.'"  *Wright*, 2009 WL 938702 at *3 (quoting *Roe v. Flores-Ortega*, 528 U.S. 470, 480 (2000)).

As noted above, Movant's assertion that he instructed counsel to file an appeal cannot be accepted as true.  The record also indicates that counsel would have had no reason to think that a rational defendant would have wanted to appeal.  Movant entered a guilty plea, and he was sentenced to less time in prison than was recommended in the presentence report.  (Case No. 1:07-CR-55, Dkt. No. 18, Plea Tr. 20.)  *See Wright*, 2009 WL 938702 at *4 (listing entry of plea and receipt of sentence bargained for as factors relevant to determining whether a rational defendant would want to appeal) (quoting *Flores-Ortega*, 528 U.S. at 480).  In

5

addition, there were no viable grounds for appeal.  A district court's restitution award is reviewed for abuse of discretion.  *United States v. Hunt*, 521 F.3d 636, 648 (6th Cir. 2008). Movant's contention that the Court abused its discretion by failing to apportion the loss between Movant and other unindicted responsible parties is frivolous.  "District courts are required to order restitution in the full amount of each victim's loss." *Id.* (citing 18 U.S.C. § 3664(f)(1)(A)).  Movant has cited no authority for the proposition that the loss could have been apportioned among individuals who were not parties to the case, and who had not been found criminally liable for the crimes precipitating the victim's loss.  *See United States v. Moore*, 225 F.3d 637, 643 n.1 (6th Cir. 2000) (rejecting the defendant's argument that the district court improperly failed to assess joint and several liability against unindicted co-conspirators).  The record conclusively establishes that counsel's failure to consult with Movant about an appeal did not amount to constitutionally deficient performance.

**Failure to correctly advise about restitution**

Movant's fourth ineffective assistance of counsel claim  addresses counsel's alleged failure to correctly advise him about the amount of restitution.  Movant asserts that counsel assured him that he would not be held responsible for more than his own participation in the fraud, and that the owner of the store would be responsible for the great majority of the loss.

Counsel denies making any such representations.  (Levine Aff. pp. 1-2.)  However, even if there is a question of fact as to what counsel might have communicated to Movant in the early stages of the case, the record demonstrates that Movant was well aware at the

6

time of his plea that he could be held liable for the full amount of the loss of his potential liability at the time of his plea.  Paragraph 5 of the plea agreement provides that the Court will decide the amount of restitution.  (Case No. 1:07-CR-55, Dkt. No. 4, Plea Agrm't ¶ 5; Plea Tr. 30.)  Movant was also specifically advised at the time of his plea that the government and defense counsel had a difference of opinion as to the amount of restitution, that the government was seeking restitution in excess of $315,000, and that the amount of restitution would be determined by the judge at sentencing.  (Plea Tr. 20.)  Movant was also specifically advised that "the Court is going to order you to make restitution of all the money lost by the Government pursuant to this fraud."  (Plea Tr. 30-31.)  Based upon the record, there is no merit to Movant's argument that counsel was ineffective for failing to correctly advise him about restitution.

**Failure to Defend and Abandonment of Client**

Movant's third and fifth assertions of ineffective assistance of counsel are based on his assertion that counsel abandoned him and failed to raise issues and defend Movant's interests at all stages of the criminal case.  Movant has not identified any specific act or omission that fell below reasonable representation, nor has he shown how he was prejudiced by counsel's representation.  The record, on the other hand, including defense counsel's sentencing memorandum and his representation of Movant at court hearings, reflects that counsel vigorously represented Movant.  He made a successful challenge to the adjustment for Movant's role in the offense and a cogent, albeit unsuccessful, challenge to manner in

which the loss was scored under the Guidelines.  The record conclusively establishes that Movant cannot establish that counsel abandoned him or that counsel failed to raise issues and defend Movant's interests at all stages of the criminal case.  Movant's third and fifth ineffective assistance of counsel claims are also without merit.

## IV.

Movant  has also raised four stand-alone claims challenging his responsibility for restitution.

Stand-alone claims challenging restitution are not cognizable under § 2255.  Section 2255 provides that "[a] prisoner in custody under sentence of a [federal] court claiming the right to be released . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255.  "The plain language of § 2255 provides only prisoners who claim a right to be released from custody an avenue to challenge their sentences." *United States v. Watroba*, 56 F.3d 28, 29 (6th Cir. 1995).  Movant's restitution claims do not challenge the length of his confinement or otherwise suggest a right to be released from custody.  Restitution, like the monetary fine discussed in *Watroba*, "is not a sufficient restraint on liberty to meet the 'in custody' requirement for § 2255 purposes." *Id.* (quoting *United States v. Segler*, 37 F.3d 1131, 1137 (5th Cir. 1994)).

Even if Movant's stand-alone restitution claims were cognizable under § 2255, they were not raised on direct appeal, so they are procedurally defaulted, *see Massaro*, 538 U.S. at 504, and, as previously noted, Movant's contention that he could not be held liable for the

full amount of the government's loss lacks merit.  Accordingly, Movant's stand-alone restitution claims do not support habeas relief under § 2255.

## V.

The files and records in this case conclusively show that the Movant is entitled to no relief under § 2255.  His motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 will accordingly be denied.

An appeal may not be taken from a final order in a habeas case unless a certificate of appealability is issued.  28 U.S.C. § 2253(c)(1).  A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  If an appeal is filed, the district judge who ruled on the habeas petition must either issue a certificate of appealability or state why a certificate should not issue.  Fed. R. App. P. 22(b).  The district court may decide whether to issue a certificate of appealabilility at the time of denial of habeas relief, and need not await an appeal or an application for a certificate.  *Castro v. United States*, 310 F.3d 900, 901-03 (6th Cir. 2002). Movant has failed to make a substantial showing of the denial of a constitutional right. Accordingly, a certificate of appealability will be denied.

An order consistent with this opinion will be entered.

Dated: <u>June 23, 2009</u>                              /s/ Robert Holmes Bell
                                                        ROBERT HOLMES BELL
                                                        UNITED STATES DISTRICT JUDGE

9